UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BILLY JULIAN, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. 1:11-cv-01536-TWP-DML |
| ) | |
| SAM HANNA, ) | |
| DAVID HUFFMAN, ) | |
| WILLIAM AMICK, ) | |
| THE TOWN OF FRANKTON, INDIANA, ) | |
| MADISON COUNTY, INDIANA, ) | |
| FRANKTON-LAPEL ) | |
| COMMUNITY SCHOOL ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON MOTION FOR EXTENSION OF TIME TO FILE RESPONSE**

Plaintiff filed a complaint on November 18, 2011, suing various individuals and entities (collectively, "Defendants") for, among other things, violations of 42 U.S.C. § 1983. In response, throughout January and February, Defendants filed four separate motions to dismiss, making Plaintiff's various responses due at different times in January and February. Without filing a request for an extension, Plaintiff failed to respond in a timely fashion. On May 7, 2012, roughly two and a half months after all response deadlines passed, Plaintiff finally got around to filing a Motion for Extension of Time, which would give Plaintiff until May 11, 2012 to file the response. In the motion, Plaintiff's counsel explains that "[b]y the time that Defendants' motions to dismiss were filed, Plaintiff's counsel was on parental leave," which "began earlier than planned due to medical complications . . . and lasted longer than expected when Plaintiff's counsel developed shingles." (Dkt. 37 at 1). For understandable reasons, most of the Defendants oppose this request.

Suffice it to say, the Court is less than impressed with Plaintiff's counsel's cavalier conduct. While Plaintiff's counsel's issues may have been serious, it is altogether questionable whether they explain such egregious breaches of litigation deadlines. Moreover, Plaintiff's counsel is not a solo practitioner; rather, she works at a first-rate Chicago civil rights firm with over 20 attorneys. Presumably, another attorney could have easily covered for Plaintiff's counsel. But, in the end, the Court has broad discretion to determine what constitutes "good cause" in this area. Moreover, the Court has a strong preference for resolving suits on the merits, not on technicalities caused by unprofessional mistakes. A contrary ruling risks punishing a party solely for the misdeeds of his lawyer. Accordingly, Plaintiff's Motion for Extension of Time to File a Response is **GRANTED**. Plaintiff's response is due on May 11, 2012. If this deadline is not met, this lawsuit will be dismissed with prejudice. Defendants' replies will be due on May 22, 2012.

SO ORDERED.   05/09/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Case 1:11-cv-01536-TWP-DML   Document 42   Filed 05/09/12   Page 3 of 3 PageID #: 138

Distribution to:

**Stephanie Lynn Cassman**
LEWIS WAGNER LLP
scassman@lewiswagner.com

**Kyle A. Jones**
NORRIS CHOPLIN & SCHROEDER LLP
kjones@ncs-law.com

**Theresa Renee Parish**
LEWIS WAGNER LLP
tparish@lewiswagner.com

**Pier O. Petersen**
LOEVY & LOEVY
pier@loevy.com

**John Thomas Roy**
TRAVELERS STAFF COUNSEL OFFICE
jroy@travelers.com

**James S. Stephenson**
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

**Ian L. Stewart**
STEPHENSON MOROW & SEMLER
istewart@stephlaw.com

**John Carl Trimble**
LEWIS WAGNER LLP
jtrimble@lewiswagner.com