UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BILLY MR. JULIAN, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. 1:11-cv-01536-TWP-DML |
| ) | |
| SAM HANNA, ) | |
| DAVID HUFFMAN, ) | |
| WILLIAM AMICK, ) | |
| THE TOWN OF FRANKTON, INDIANA, ) | |
| MADISON COUNTY, INDIANA, ) | |
| FRANKTON-LAPEL ) | |
| COMMUNITY SCHOOL ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON MOTIONS TO DISMISS**

This matter is before the Court on the Defendants' various Motions to Dismiss. The Plaintiff in this matter, Billy Mr. Julian ("Mr. Julian"), was wrongfully convicted of crimes that he did not commit and for which he served more than three years in prison. On November 18, 2011, Mr. Julian filed suit alleging the Defendants violated his constitutional rights, including his right to due process of the law, his rights under the Fourth and Fourteenth Amendments and that Defendants violated Indiana Law. In response, each of the Defendants filed motions to dismiss arguing the action is barred by the two year statute of limitations. Defendants Frankton-Lapel Community School Corporation ("Frankton High School"), and the school security officer, William Amick ("Mr. Amick") have filed a 12(b)(6) Motion to Dismiss (Dkt. #27). Defendants Madison County, Indiana filed a Motion to Dismiss (Dkt. # 29) arguing that Madison is not responsible for the actions of the Sheriff or his employees. Defendants the Town of Frankton,

Indiana and Officer David Huffman have filed Motion to Dismiss for Failure to State a Claim (Dkt. # 31) and Defendant Officer Sam Hanna has filed his Motion to Dismiss (Dkt. # 33). For the reasons set forth herein, the Motions to Dismiss are granted, but without prejudice.

### *1. Background*

The facts of this case, if true, are quite egregious. Mr. Julian alleges that various police officers framed him for the crimes of arson and burglary, which he did not commit. Around March 11 and 12, 2001, someone broke into the Frankton High School in Frankton, Indiana. While using a torch to try to break into a safe, that unknown person caused a fire to the school, resulting in more than one million dollars in damages. The crime was investigated by Sam Hanna of the Madison County Sheriff's Department, David Huffman of the Frankton Police Department, and William Amick of the Frankton-Lapel Community Schools Corporation. According to Mr. Julian, "the three Defendant Officers agreed to build a false case against Mr. Julian, with the aim of securing his wrongful prosecution, conviction and imprisonment." (Dkt. #43 at 2). Indeed, eventually, Mr. Julian was arrested and convicted of burglary and arson.

A large basis of Mr. Julian's conviction was the testimony of brothers Jeffrey Brooks and Ray Brooks. At trial, the Brooks brothers parroted a story made up by the police officers that implicated Mr. Julian in the crime. This testimony was a lie. Specifically, Jeffrey Brooks was not at the scene of the crime; to the contrary, he never left his house the night of the crime, evidenced by the fact that he was being electronically monitored while on house arrest during the relevant time period. This information was not turned over to Mr. Julian before his trial. Moreover, the police officers manipulated physical evidence, manufactured false inculpatory evidence, and lost or destroyed exculpatory evidence.

After being wrongfully convicted, Mr. Julian tragically spent more than three years in prison for crimes he did not commit. His conviction was initially affirmed on appeal. *See Mr. Julian v. State*, 811 N.E.2d 392 (Ind. Ct. App. 2004), *trans denied* 822 N.E.2d 977 (Ind. 2004). Subsequently, Mr. Julian filed a petition for post-conviction relief. Fortunately, on May 5, 2006, the trial court granted his petition. And, then, the Indiana Court of Appeals affirmed the trial court's decision. *See State v. Mr. Julian*, 2007 WL 1576354, at *5 (Ind. Ct. App. 2007) (noting that the State's conduct ran afoul of *Brady* and that "[t]here is a reasonable probability the result of the trial would have been different if Mr. Julian had been made aware Brooks was on home detention the night of the fire"). Prosecutors continued to pursue false charges against Mr. Julian from 2006 until 2010, and Mr. Julian spent another four years on pre-trial release. Finally, in 2010, all charges against Mr. Julian were formally dismissed.

On November 18, 2011, Mr. Julian filed the present lawsuit against Defendants Sam Hanna, David Huffman, William Amick, the Town of Frankton, Indiana, Madison County, Indiana, and the Frankton-Lapel Community School Corporation (collectively, "Defendants"). Mr. Julian's lawsuit alleges that the Defendants committed various state torts and violated his rights under the Fourth and Fourteenth Amendments. Plainly stated, the crux of Mr. Julian claims is that he was prosecuted, convicted, and imprisoned because of the withholding of exculpatory evidence and the falsification of inculpatory evidence. Through four separate motions, all Defendants have moved to dismiss Mr. Julian's complaint.

## 2.  Legal Standard

When reviewing a 12(b)(6) motion, the Court takes all well-pleaded allegations in the complaint as true and draws all inferences in favor of the plaintiff. *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008) (citations omitted).  However, the allegations must "give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)). Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citations omitted). To be facially *plausible*, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

### *3. Discussion*

Unfortunately, Mr. Julian has pleaded himself out of court by affirmatively alleging facts that clearly establish that his complaint was not timely filed. *See Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674-75 (7th Cir. 2009) ("dismissal is appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness"); *cf. Foss v. Bear, Stearns & Co.*, 394 F.3d 540, 542 (7th Cir. 2005) ("Unless the complaint alleges facts that create an ironclad defense, a limitations argument must await factual development."). As an initial matter, "[b]ecause there is no federal statute of limitations for actions filed pursuant to § 1981, § 1983, and § 1985, courts apply the most appropriate state statute of limitations." *Sims v. Kernan,* 72 F. Supp. 2d 944, 948 (N.D. Ind. 1999) (citations omitted). In Indiana, the proper statute of limitations for claims under § 1983 is the two-year personal injury statute of limitations, found at Ind. Code § 34-11-2-4. *See id*. (citations omitted). Courts apply the same statute of limitations to § 1981 and § 1985 actions as they do to § 1983 actions. *Id*.

"While state law determines the length of the limitations period, federal law determines the date of accrual of the cause of action." *Logan v. Wilkins*, 644 F.3d 577, 581 (7th Cir. 2011) (citation and internal quotations omitted). Section 1983 claims accrue "when the plaintiff <u>knows or should know</u> that his or her constitutional rights have been violated." *Id*. at 581-82 (emphasis added; citation omitted); *see also Bullock v. City of Chicago*, 118 Fed. Appx. 75, 77 (7th Cir. 2004) ("Bullock obviously knew that the semen-stained underwear existed at least by 1994 when he learned of the DNA test results and was released from prison. Because he did not file this lawsuit until March 2001, his claim is untimely."). Moreover, "[t]o determine when the claim accrues, a court must <u>first identify the plaintiff's injury</u> and then determine <u>when the plaintiff could have sued for that injury</u>." *Logan*, 644 F.3d at 582 (emphasis added).

Here, Mr. Julian's injury is obvious: he spent three years in prison for a crime he did not commit. Logically following, Mr. Julian could have first sued in 2006, when his conviction was overturned and he was released from prison. It is well-established that a "claim accrues when the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Del Real v. Gomez,* 330 Fed. Appx. 110, 111 (7th Cir. 2009) (citation and internal quotations omitted). And, at the very least, the Indiana Court of Appeals decision, issued in 2007, put Mr. Julian on notice of his potential causes of action. *See Mr. Julian*, 2007 WL 1576354. On this point, it is worth highlighting that "[t]aking judicial notice of matters of public record need not convert a motion to dismiss into a motion for summary judgment." *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012). Unfortunately, Mr. Julian did not file the present lawsuit until November 2011 – four years after the Court of Appeals decision. Thus, any claims that Mr. Julian has regarding his arrest, imprisonment, and

5

conviction (including what happened at his criminal trial) are barred by the two-year statute of limitations. Simply stated, by at least 2007, Mr. Julian had to know of a potential violation of his constitutional rights.

The fact that charges were not formally dismissed until 2010 is of no import for purposes of the triggering event for the statute of limitations. As the Seventh Circuit has noted, "[w]hat might happen in a subsequent prosecution is neither here nor there; the claim accrues as soon as the only obstacle to the litigation – the adverse judgment – has been lifted." *Del Real*, 330 Fed. Appx. at 111  (citing *Smith v. Gonzales*, 222 F.3d 1220, 1222 (10th Cir. 2000) (holding that a claim for withholding exculpatory evidence at plaintiff's second trial accrued when the conviction from the second trial was vacated, not from the date of a later third trial or the filing of a *nolle prosequi*)); *see also Latta v. Chapala*, 2005 WL 2787003, at *6-7 (N.D. Ind. 2005) (holding that plaintiff's cause of action accrued when the conviction was overturned, not when the prosecutor dismissed the charges).

Finally, Mr. Julian's allusions to a "conspiracy" cannot save his claims. Here, Mr. Julian alleges that Defendants "continued through 2010 to manipulate witnesses and conceal evidence in order to secure his wrongful prosecution, conviction and imprisonment," and thus, his claims "did not accrue until the charges against him were dismissed."  (Dkt. #43 at 3-4). The law is settled that a "plaintiff may only recover for overt acts within the period of limitations." *Woodruff v. Wilson*, 484 F. Supp. 2d 876, 926 (S.D. Ind. 2007). Moreover, where there is an allegation of a conspiracy with events that occurred both inside and outside the statute of limitations, a plaintiff "may only recover for <u>injury within the limitations period</u> because of overt acts committed within that period." *Id*. at 927 (emphasis added). On this point, the Seventh

Circuit's decision in *Scherer v. Balkema*, 840 F.2d 437 (7th Cir. 1988) is particularly instructive. There, the court stated the following:

> [T]he crucial time for accrual purposes is when the plaintiff becomes aware that he is suffering from a wrong for which damages may be recovered in a civil action. To permit him to wait and toll the running of the statute simply by asserting that a series of separate wrongs were committed pursuant to a conspiracy would be to enable him to defeat the purpose of the time bar, which is to preclude the resuscitation of stale claims.

*Id*. at 440 (emphasis added; citation and internal quotations omitted).

Crucially, all of the events amounting to Mr. Julian's "injury" – the trial, arrest, conviction, and imprisonment – fall outside the two-year limitations period. As one Defendant noted by way of a reply brief, "[a]lthough Plaintiff claims that he was not aware of the alleged conspiracy, he was certainly aware of his injury that resulted from the alleged conspiracy by 2007." (Dkt. #45 at 2); *see also Logan*, 644 F.2d at 582 ("And if the facts pleaded in the complaint establish that a claim is time barred, as they do here, a bare allegation of fraudulent concealment, without more, will not save the claim."). In the end, the Court finds the law is on the side of Defendants that all of Mr. Julian's claims, no matter how they are characterized in the response brief, should be dismissed.

One issue remains: should Mr. Julian's claims be dismissed with or without prejudice? Federal Rule of Civil Procedure Rule 15(a)(2) admonishes district courts to "freely give leave [to amend the pleadings] when justice so requires." Here, Plaintiff alleges that, since the complaint was filed in this case, he has learned additional facts about witness tampering allegedly engaged in by the Defendant officers "to secure his wrongful conviction after his original conviction was vacated in 2006." (Dkt. #43 at 11 n.1). Based on this, Julian seeks leave to amend. The Court will heed this request, as leave should be liberally granted and the Court recognizes that

controversies should be decided on the merits whenever practicable. Further, this court is not convinced that amendment would be futile. Therefore, this dismissal will be without prejudice.

### 4. Conclusion

For the reasons set forth above, Defendants' Motions to Dismiss (Dkt. # 27, 29, 31, 33) are **GRANTED**. However, dismissal will be **WITHOUT PREJUDICE** to allow Plaintiff to seek leave to amend his Complaint, if he desires. Plaintiff will have 14 days from the day of this entry to do so. From there, Defendants will have 14 days to respond.

SO ORDERED   08/01/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution to:

Stephanie Lynn Cassman
LEWIS WAGNER LLP
scassman@lewiswagner.com

Kyle A. Jones
NORRIS CHOPLIN & SCHROEDER LLP
kjones@ncs-law.com

Theresa Renee Parish
LEWIS WAGNER LLP
tparish@lewiswagner.com

Pier O. Petersen
LOEVY & LOEVY
pier@loevy.com

John Thomas Roy
TRAVELERS STAFF COUNSEL OFFICE
jroy@travelers.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

Ian L. Stewart
STEPHENSON MOROW & SEMLER
istewart@stephlaw.com

John Carl Trimble
LEWIS WAGNER LLP
jtrimble@lewiswagner.com