UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BILLY JULIAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| SAM HANNA, | ) |
| DAVID HUFFMAN, | ) |
| WILLIAM AMICK, | )   No. 1:11-cv-01536-TWP-DML |
| THE TOWN OF FRANKTON, INDIANA, | ) |
| MADISON COUNTY, INDIANA, | ) |
| THE FRANKTON-LAPEL COMMUNITY | ) |
| SCHOOL CORPORATION, | ) |
| SHERIFF RON RICHARDSON, | ) |
| | ) |
| Defendants. | ) |

**ENTRY ON DEFENDANTS' MOTIONS TO DISMISS**

For a second time, this matter is before the Court on the Defendants' various Motions to Dismiss (Dkts. 50, 52, 59, 61, 72). In an Entry dated August 1, 2012, this Court previously granted the Defendants' Motions to Dismiss the Plaintiff Billy Julian's ("Mr. Julian") Complaint against all Defendants; however the dismissal was without prejudice. The Court allowed Mr. Julian leave to amend his Complaint to cure statute of limitations defects, because he alleged that since the original Complaint was filed he had "learned additional facts about witness tampering allegedly engaged in by the Defendant officers 'to secure his wrongful conviction after his original conviction was vacated in 2006.'" Dkt. 48 at 7 (quoting Dkt. 43 at 11 n. 1). Mr. Julian filed his First Amended Complaint on August 15, 2012. The First Amended Complaint includes new factual allegations after the conviction was vacated in 2006 and the trial court's decision was affirmed in 2007, the Defendants continued to fabricate false evidence, approach witnesses

1

to coerce false statements, and withhold exculpatory evidence. Mr. Julian alleges the Defendants' unlawful actions continued until all charges were eventually dropped in 2010. For the reasons set forth below, the Court finds that Mr. Julian has not sufficiently cured the defects in his first Complaint. Therefore, Defendants' Motions to Dismiss (Dkts. 50, 52, 59, 61, 72) are **GRANTED**.

## I.  BACKGROUND

The facts of this case are set forth in this Court's Entry on Motions to Dismiss (Dkt. 48). Briefly, on March 11 or 12, 2001 an unknown person broke into Frankton High School in Frankton, Indiana and caused a fire to the school. Mr. Julian served three years in prison for the crimes of arson and burglary, after being wrongfully prosecuted and convicted. During his incarceration, Mr. Julian's lawyers discovered that a key witness, who testified at trial that he and Mr. Julian were together at the High School before the burglary, had in fact been on house arrest with monitoring on March 11, 2001, and records showed he never left his house. Therefore, the key witness could not have been with Mr. Julian at the High School. Because this exculpatory evidence was withheld from Mr. Julian, the trial court granted him post-conviction relief and his conviction was vacated in 2006. In 2007, the Indiana Court of Appeals affirmed the granting of post-conviction relief finding the withholding of exculpatory evidence was in violation of the Constitution.

Mr. Julian alleges the Defendants' continued to manipulate and conceal evidence and pursue charges against him for the burglary until 2010, when all charges were finally dropped. Mr. Julian filed the present lawsuit on November 18, 2011, against Officers Sam Hanna of the Madison County Sheriff's Department, David Huffman of the Frankton Police Department, William Amick of the Frankton-Lapel Community Schools Corporation, as well as the Town of

Frankton, Madison County, Indiana, and the Frankton-Lapel Community Schools Corporation. The First Amended Complaint adds the Madison County Sheriff as a defendant. The lawsuit alleges the Defendants committed various state law torts and violations of the Fourth and Fourteenth Amendments. All Defendants have moved to dismiss Mr. Julian's First Amended Complaint on the grounds that even as amended, the Complaint fails to state a claim for which relief can be granted.

## II.  LEGAL STANDARD

When reviewing a 12(b)(6) motion, the Court takes all well-pleaded allegations in the complaint as true and draws all inferences in favor of the plaintiff. *Bielanski v. Cnty. of Kane*, 550 F.3d 632, 633 (7th Cir. 2008) (citations omitted). However, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citations omitted). To be facially *plausible*, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

## III.  DISCUSSION

### A.  Defendant Madison County

As an initial matter, Defendant Madison County moves to be dismissed as a party, as it has no authority over the actions of the Madison County Sheriff or Deputy Sheriff Sam Hanna.

Mr. Julian does not object to the dismissal of his claims against Madison County. *See* Dkt. 75 at 17. Therefore, all claims against Madison County are dismissed.

### B. Statute of Limitations

In the Court's Entry on August 1, 2012, it explained,

> Here, Mr. Julian's injury is obvious: he spent three years in prison for a crime he did not commit. Logically following, Mr. Julian could have first sued in 2006, when his conviction was overturned and he was released from prison. It is well-established that a "claim accrues when the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Del Real v. Gomez,* 330 Fed. Appx. 110, 111 (7th Cir. 2009) (citation and internal quotations omitted). And, at the very least, the Indiana Court of Appeals decision, issued in 2007, put Mr. Julian on notice of his potential causes of action. *See Mr. Julian*, 2007 WL 1576354. On this point, it is worth highlighting that "[t]aking judicial notice of matters of public record need not convert a motion to dismiss into a motion for summary judgment." *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012). Unfortunately, Mr. Julian did not file the present lawsuit until November 2011 – four years after the Court of Appeals decision. Thus, any claims that Mr. Julian has regarding his arrest, imprisonment, and conviction (including what happened at his criminal trial) are barred by the two-year statute of limitations. Simply stated, by at least 2007, Mr. Julian had to know of a potential violation of his constitutional rights.
>
> The fact that charges were not formally dismissed until 2010 is of no import for purposes of the triggering event for the statute of limitations. As the Seventh Circuit has noted, "[w]hat might happen in a subsequent prosecution is neither here nor there; the claim accrues as soon as the only obstacle to the litigation – the adverse judgment – has been lifted." *Del Real*, 330 Fed. Appx. at 111 (citing *Smith v. Gonzales*, 222 F.3d 1220, 1222 (10th Cir. 2000) (holding that a claim for withholding exculpatory evidence at plaintiff's second trial accrued when the conviction from the second trial was vacated, not from the date of a later third trial or the filing of a *nolle prosequi*)); *see also Latta v. Chapala*, 2005 WL 2787003, at *6-7 (N.D. Ind. 2005) (holding that plaintiff's cause of action accrued when the conviction was overturned, not when the prosecutor dismissed the charges).

Dkt. 48 at 5–6. Regarding Mr. Julian's claims alleging his constitutional rights were violated based on the wrongful prosecution, conviction, and withholding of exculpatory evidence that resulted in his wrongful imprisonment, the Court's decision has not changed. The First

Amended Complaint does not revive these claims as Mr. Julian knew or should have known about the violations by at least 2007. The lawsuit filed four years later is outside the relevant statute of limitations and these claims must be dismissed.

### C. Malicious Prosecution

Mr. Julian's First Amended Complaint includes allegations that would support a federal claim for malicious prosecution under 42 U.S.C. § 1983, based on the Defendants' continued prosecution between 2006 and 2010. However, malicious prosecution cannot be pursued under § 1983 as long as the State provides an adequate post-deprivation remedy. *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001). In *Newsome*, the Seventh Circuit explained that "the existence of a tort claim under state law knocks out any constitutional theory of malicious prosecution." *Newsome*, 256 F.3d at 750. To analyze federal malicious prosecution claims, the Seventh Circuit relied on Justice Kennedy's concurrence as the narrowest and applicable holding in *Albright v. Oliver*, 510 U.S. 266, 285 (1994) (Kennedy, J., concurring), which stated that "where an injury has been caused not by a state law, policy, or procedure, but by a random and unauthorized act that can be remedied by state law, there is no basis for intervention under § 1983." (Kennedy, J., concurring) (quoting *Parratt v. Taylor*, 451 U.S. 527, 536 (1981)).

Mr. Julian focuses on the "random and unauthorized act" piece of *Albright* cited above, noting that he has pleaded a *Monell* claim alleging violations caused by municipal policy or procedure. He cites *Wilson v. Civil Town of Clayton, Indiana*, 839 F.2d 375, 380 (7th Cir. 1988), which stated a municipality's liability "can never be premised on the result of a random and unauthorized act." Therefore, Mr. Julian argues, because his malicious prosecution claim is premised on allegations of a municipal policy and procedure the claim cannot be remedied under state law as a "random or unauthorized act," as set forth in *Albright*, *Parratt*, and *Newsome*.

The Court finds that Mr. Julian's argument misses the mark. As previously stated, the first step in analyzing whether a federal malicious prosecution claim is available is determining the availability of a state law remedy. *See Newsome*, 256 F.3d at 750 ("[T]he existence of a tort claim under state law knocks out any constitutional theory of malicious prosecution."); *Serino v. Hensley*, No. 3:12-cv-40-RLY-WGH, 2012 WL 6025751, at *4 (S.D. Ind. Dec. 4, 2012) ("Put another way, 'the tort of malicious prosecution should be analyzed under the procedural due process clause and the existence of a tort claim under state law knocks out any constitutional theory of malicious prosecution because the due process of law is afforded by the opportunity to pursue a claim in state court.'" (quoting *Parish v. City of Chi.*, 594 F.3d 551, 553 (7th Cir. 2009)). Thus, the Court's first step is to determine whether Indiana law recognizes the tort of malicious prosecution, not the theory under which Mr. Julian seeks relief. Here, the tort of malicious prosecution is recognized under Indiana law. *See Butt v. McEvoy*, 669 N.E.2d 1015, 1017 (Ind. Ct. App. 1996) (listing the elements of malicious prosecution under Indiana law).

Mr. Julian further argues he is deprived of a remedy at state law because the Indiana Tort Claims Act ("ITCA") affords Defendants immunity for a state law claim of malicious prosecution. Other courts in this District have held that such arguments are "without merit as the 'existence of immunity for certain types of claims does not render a State law remedy constitutionally defective." *Serino*, 2012 WL 6025751, at *4 (quoting *Hart v. Mannina*, No. 1:10-CV-1691-WTL-MJD, 2012 WL 188055, at *6 (S.D. Ind. Jan. 23, 2012)). *See Daniels v. Williams*, 474 U.S. 327, 342 (1986) (Stevens, J., concurring) (stating that "the mere fact that a State elects to provide some of its agents with a sovereign immunity defense in certain cases does not justify the conclusion that its remedial system is constitutionally inadequate").

Mr. Julian recognizes *Hart*, but argues that the case fails to follow the Seventh Circuit's precedent in *Belcher v. Norton*, 497 F.3d 742 (7th Cir. 2006). In *Belcher*, the Seventh Circuit held that constitutional deprivation of plaintiffs' property did not provide an adequate remedy at state law, because the ITCA's grant of immunity rendered the remedy "meaningless or non-existent." *Id.* at 753. In *Tully v. Barada*, 599 F.3d 591, 595 (7th Cir. 2010), a case more factually similar to the present case, the Seventh Circuit noted the possible conflict between *Newsome* and *Belcher*, but chose not to "decide whether Indiana provides [plaintiff] an adequate post-deprivation remedy despite that it also recognizes an affirmative immunity defense for governmental actors acting within the scope of employment." Admittedly, in the context of federal malicious prosecution claims, the issue of an adequate remedy under state law in Indiana is at best, unclear. In such circumstances, the Court will follow the courts in this District which have held that Indiana law provides a remedy for malicious prosecution. See *Serino v Hensley*, 2012 WL 6025751 and *Hart v Mannnina,* 2012 WL 188055. Accordingly, the Court finds Mr. Julian does not present a cognizable § 1983 claim for malicious prosecution and his claim must be dismissed.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motions to Dismiss (Dkts. 50, 52, 59, 61, 72) are **GRANTED** with prejudice.

SO ORDERED.

Date: 01/04/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

John Carl Trimble
LEWIS WAGNER LLP
jtrimble@lewiswagner.com

Stephanie Lynn Cassman
LEWIS WAGNER LLP
scassman@lewiswagner.com

Theresa Renee Parish
LEWIS WAGNER LLP
tparish@lewiswagner.com

Steven E. Art
LOEVY & LOEVY
steve@loevy.com

Pier O. Petersen
LOEVY & LOEVY
pier@loevy.com

Kyle A. Jones
NORRIS CHOPLIN & SCHROEDER LLP
kjones@ncs-law.com

Ian L. Stewart
STEPHENSON MOROW & SEMLER
istewart@stephlaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

Daniel Mark Witte
TRAVELERS STAFF COUNSEL OFFICE
dwitte@travelers.com